Spina, J.
This matter is before the court on third-party defendant Etna’s motion for summary judgment as to the defendant/third-parfy plaintiffs complaint. The following facts are not in dispute for purposes of this motion.
The plaintiff was allegedly injured on or about May 4, 1987 while using a rowing-type exerciser purchased from the defendant/third-party plaintiff through the mail on or about April 1, 1987. The defendant/third-party plaintiff impleaded three of its suppliers, including Etna. One of those suppliers was subsequently voluntarily dismissed from the case.
During the 2-week period up to and including the estimated shipping date of the rowing machine the defendant received some 93,885 rowing machines from the 2 third-party defendants: 58,199 from Mishan and 35,686 from Etna. The units were kept in inventory and distributed on a “first in/first out basis,” but were indistinguishable as to which third-party defendant had supplied the units. No one has been able to say definitively which third-party defendant supplied the unit, but in all probability the unit purchased by the plaintiff was supplied to the defendant by one of the two third-party defendants. There was no inventory control in place at that time as would resolve this question.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “Ifthe moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
No Massachusetts appellate case has ever held that a “market-share” approach may be used to establish the requisite element of the “identity” of the manufacturer or supplier in a product liability case. See Payton v. Abbott Labs, 386 Mass. 540, 571-74 (1982). The door is open, however, for that concept to become incorporated into our case law. Id. at p. 574. Several factors are present in this case which were not present in Payton, and factors which caused the Payton Court concern are not present here.
All of the probable suppliers are defendants in this case. The third-party defendant suppliers were equally able as the defendant to identify the unit shipped, and may still inspect the unit to try and determine the route of its delivery to the plaintiff (it still exists). Etna may still offer proof that it did not supply the unit. The sole manufacturer may be impleaded in a “fourth-party” complaint by either/both suppliers. The units are in fact indistinguishable. Finally, there is no public policy supportive of research and development of new drugs/medicines impacted here. This is an appropriate case to allow a plaintiff to proceed with and develop a theory of liability which is in the formative stages in this Commonwealth and which has a reasonably good chance for recognition by the appellate courts.
For the foregoing reasons, Etna’s motion for summary judgment is DENIED.